# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>vs.<br><br>PINNACLE DEVELOPMENT PARTNERS, LLC, and GENE A. O'NEAL<br><br>　　Defendants. | CIVIL ACTION NO. 06 CV 2431 |

## REAL PROPERTY DISPOSITION PROCEDURES

Consistent with the provisions of the Receivership Order entered in this case on October 11, 2006 and the procedural requirements of 28 U.S.C. § 2001, the Receiver will dispose of real property assets in the Receiver Estate as follows:

1.　<u>Disposition of Real Property</u>.  The Receiver may, in his discretion, dispose of any real property assets in the Receiver Estate ("Property" or, collectively, "the Properties") by: (a) public sale, (b) private sale, or (c) abandonment or turnover to a secured creditor holding a valid security interest in any of the Properties.

2.  <u>Title, Liens</u>.  All sales of any of the Properties shall be by limited warranty deed and shall be free and clear of all monetary liens, fieri facias, judgments or similar encumbrances (the "Monetary Liens") whether by way of private sale or public sale, so long as the net sales proceeds exceed the amount of any Monetary Liens validly asserted against the Property or Properties subject to the sale.  In the event that the Receiver contests any aspect of an asserted lien or encumbrance, he shall escrow from the sales proceeds an amount equal to the amount of such asserted lien or encumbrance.  The Receiver shall be authorized to settle and compromise disputed liens and encumbrances, including monetary liens, and, if necessary, file a motion with this Court seeking resolution of any such dispute.  Upon resolution of any such dispute, whether by agreement or a decision of this Court, the Receiver may use the escrowed funds in accordance with the terms of the resolution and shall then be relieved of any further obligation to maintain the escrow.

3.  <u>Public Sale</u>.  All public sales shall be conducted within the ambit of 28 U.S.C. §2001.  The Receiver may conduct an auction in any commercially reasonable manner that he deems appropriate, including an electronic auction.  In addition, the Receiver may conduct any such sale at any location that he deems appropriate within the counties of Fulton,

DeKalb or Cobb and shall not be limited to sales being conducted at the court house or at the Property itself.

4.   **Private Sale.**  Private sales shall be conducted within the ambit of 28 U.S.C. §2001 which shall include the right of the Receiver to conduct private sales in accordance with the following:

(a)   The Receiver shall have the unfettered authority to negotiate private sales upon the terms and conditions the Receiver deems appropriate; provided, however, that each such contract of private sale shall include a provision conditioning the consummation of the transaction on Court approval.  Private sales shall be made pursuant to a written contract on such form and upon such terms as the Receiver and such potential purchaser shall agree, but any such sale shall not be consummated without the approval of this Court.

(b)   Upon execution of contract for sale by the Receiver and a prospective purchaser of a Property, the Receiver shall publish notice of the terms of such sale in the Atlanta Journal Constitution and on the Receiver's website for a period of ten (10) days in order to allow for competing bids. The notice will provide procedures by which third parties may submit competing bids, and shall specify that only bona fide offers (bids with a purchase price that is at least a ten percent (10%) higher than the existing

contract price) and on substantially similar terms as the existing contract will be considered by the Receiver. The notice will also specify that certified funds in an amount not less than five percent (5 %) of the new purchase price must be deposited on the same day such bid is made by the bidder with the Receiver in order to constitute a bona fide offer.

    i.    In the event that no competing bid is timely made in accordance with this subsection 4(b), the Receiver shall file a motion in accordance with subsection 4(c), below, seeking this Court's approval of the proposed sale.

    ii.    In the event that a bona fide competing bid is timely made, the Receiver may, in his discretion, enter into negotiations with both the original proposed purchaser and any competing bidder(s). The Receiver may, in his discretion, enter into a contract with any of these parties, subject to the approval of this Court, and shall then file a motion seeking such approval in accordance with subsection 4(c), below.

(c) Within a reasonable period of time following the satisfaction of the conditions set forth in 4(b), above, the Receiver shall file a motion seeking approval of the private sale. The Receiver's motion shall be served upon the parties to this action, as well as any party who has made a bona fide offer to purchase the Property that is the subject of the motion. The Receiver shall also post the motion on his website. The Receiver's motion for approval shall include information that the Receiver believes would be useful to the Court and others in assessing the reasonableness of the sales price, including the following:

    i. A copy of the subject contract or a detailed description of the terms of the private sale.

    ii. The three "appraisals" that the Receiver has considered in arriving at the sales price. In this regard, the Court authorizes the Receiver to use any of the following as an "appraisal" in accordance with the provisions of 28 U.S.C. §2001 (b):

        1. The appraisal conducted by Pritchett, Ball & Wise, Inc., the appraisal firm retained by the Receiver;

5

   2. Any appraisal prepared by a qualified appraiser for the proposed purchaser, its lender or the Receiver;

   3. Broker opinion letters;

   4. The purchase price paid by Pinnacle Development Partners, LLC;

   5. Any appraisal prepared for Pinnacle Development Partners, LLC by a qualified appraiser;

   6. Other written offers received by the Receiver regarding the subject Property;

   7. Development and/or renovation proposals that include the estimated net result to the Receiver Estate.

  d. The following persons shall have standing to object to the Receiver's motion for approval of a private sale: parties to this litigation, any person or entity who submitted to the Receiver a written offer to purchase the subject Property, and any investor in a Pinnacle Partnership or other creditor of Pinnacle. All objections must be made in writing within ten

(10) days of service of the motion (publication on the Receiver's website or actual service of the motion, whichever is later).

    i.    In the event that no objection is timely filed, the Court will enter an Order approving the sale of the subject Property and authorizing the Receiver to take all actions necessary to close under the approved Contract promptly upon the expiration of any applicable appeal period under that Order.

    ii.    In the event that an objection is timely filed, the Court shall schedule a hearing as soon as is reasonably practicable for the purpose of deciding the issues raised by the objection and, ultimately, determining the party to whom the subject Property should be sold and the terms of such sale. *The party filing the objection must appear at the hearing.* At the conclusion of any such hearing, the Court will enter an Order regarding the sale authorizing the Receiver to take all actions necessary to convey title to the subject Property

promptly upon the expiration of any applicable appeal period under that Order.

5. <u>Disposition of Secured Creditors</u>. In the event that the Receiver determines that a Property should be turned over to a secured creditor having a valid lien on the Property or otherwise disposed of other than by public or private sale, the Receiver shall publish notice of such determination and obtain Court approval of such turn-over or disposition in accordance with the procedures set forth in Section 4, above.

**APPROVED:**

Having considered the Receiver's Motion to Approve Property Disposition Procedures and Brief in Support Thereof, these Property Disposition Procedures are hereby APPROVED.

SO ORDERED, this ___ of _____, 2007.

_____
Jack T. Camp
United States District Court Judge

8