IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PINNACLE DEVELOPMENT PARTNERS, LLC, and GENE A. O'NEAL<br><br>Defendants. | CIVIL ACTION NO. 06 CV 2431 |

## BRIEF IN SUPPORT OF RECEIVER'S UNOPPOSED MOTION TO APPROVE REAL PROPERTY DISPOSITION PROCEDURES

S. Gregory Hays, the court-appointed Receiver for Pinnacle Development Partners, LLC, files this Brief in Support of his Motion to Approve Property Disposition Procedures, showing this Court as follows:

### BACKGROUND

Pursuant to the terms of an Order dated October 11, 2006 (the "Receivership Order"), S. Gregory Hays was appointed as Receiver for Pinnacle Development Partners, LLC ("Pinnacle") and its assets, including all assets of partnerships or other entities controlled by Pinnacle (the "Receiver Estate"). Among other things,

this Court authorized and directed the Receiver to take custody and control of assets of the Receiver Estate, to sell assets of the Receiver Estate, and to marshal and administer assets held by third-parties. (Receivership Order §§ VII and IX). Since being appointed, the Receiver has taken custody and control of various assets of the Receiver Estate, including 21 parcels of real property (collectively the "Properties").[1]

The Receiver has devoted substantial efforts to analyzing the legal and factual issues related to each parcel of real property and to the development of a plan for the ultimate disposition of the Properties. A detailed report of each of the Properties is attached to the Receiver's Second Interim Report, filed on January 26, 2007. The Receiver is now prepared to proceed with the sale of the Properties with the goal of realizing the highest value for each parcel. To move forward with these sales in an efficient and cost effective manner, the Receiver seeks this Court's approval of the Receiver's Real Property Disposition Procedures ("Disposition Procedures") attached hereto as Exhibit A.

In a nutshell, these Disposition Procedures provide clarity for the Court, the Receiver and prospective third-party purchasers regarding how the Properties will

---

[1] Three of the 21 parcels actually consist of two contiguous properties. They are: (a) 1484 and 1500, Columbia Drive, Austell, GA; (b) 406 E. Rhinehill Road and 2217 Browns Mill Road, Atlanta, GA; and, (c) 8 and 16 Clifton Way, Atlanta, GA.

be sold. In particular, the Disposition Procedures establish guidelines and processes aimed at assuring that private sales are both effective and efficient in obtaining a fair sales price and prompt Court approval (or rejection) of a proposed transaction.

## ARGUMENT AND CITATION OF AUTHORITY

One of the primary purposes of an equity receivership is to "promote the orderly and efficient administration of the [receivership] estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986) (citations omitted). Accordingly, the district court's discretion and "power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Id.*

Because each receivership case presents its own distinct circumstances, the Court must often employ case-specific procedures. *See id.* (recognizing that the Court must often craft reasonable administrative procedures to deal with the complex circumstances of each case). However, the Court may not have the resources to ascertain which procedures will be most efficient in the given situation. Accordingly, the Receiver has a duty to assist the Court in understanding the specific issues in the case and developing the appropriate procedures. *See id.* (citing *SEC v. Wencke (Wencke II)*, 783 F.2d 829, 837 n.9 (9th Cir. 1986)) (noting

3

the duty of an equity receiver to aid the court in orderly and efficient administration of the estate); *see also Marsch v. Williams*, 23 Cal. App. 4th 238, 248 (Cal. Ct. App. 1994) (noting that the receiver is "the hand of the court, to aid it in preserving and managing the property involved in the suit for the benefit of those to whom it may ultimately be determined to belong").

Where the administration of the Receiver Estate requires the sale of real property, 28 U.S.C. § 2001 provides the general procedures that a receiver must follow. In particular, the statute provides as follows:

> (a) Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.
>
> Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, or on the premises or some parcel thereof located in such county, parish, or city, as such court directs, unless the court orders the sale of the property or one or more parcels thereof in one or more ancillary districts.
>
> (b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private

sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

The proposed Disposition Procedures are consistent with the requirements of 28 U.S.C. § 2001 and have been developed in accordance with the express recognition that courts must determine how and whether those requirements have been met. Approval of the Disposition Procedures will ensure the cost-effective and efficient sale of the Properties and will conserve the resources of both the Court and the Receiver. The Procedures supplement 28 U.S.C. § 2001 and provide a concrete and consistent framework under which the Receiver can efficiently dispose of each of the Properties without burdening the Court with a myriad of small issues. For example, the Disposition Procedures, pursuant to 28 U.S.C. § 2001 (b), stipulate the conditions under which a bona fide counteroffer must be made in the sale of each Property. Thus, the Receiver will not have to seek Court direction to respond to counteroffers in each sale. Rather, the Receiver will be able to move forward according to the Disposition Procedures.

While "procedural" issues regarding timing and bid requirements are established, the most important issue addressed in the Disposition Procedures is the appointment of appraisers in the context of a private sale. While 28 U.S.C. § 2001 requires a receiver to get three court approved appraisals before the receiver can sell a property, it does not define the term "appraisal." The Disposition Procedures alleviate potential confusion defining the term "appraisal" to include eight valuation methods that can be used by the Receiver to satisfy the appraisal requirement. These methods include appraisals by a traditional appraisal firm, broker opinion letters, appraisals previously prepared for Pinnacle Development Partners, LLC by a qualified appraiser, and other written offers received by the Receiver regarding the subject property.

Defining the term appraisal at the outset is intended to reasonably limit the expenses incurred by the Receiver Estate in the sales process. The Receiver has retained a well respected, highly qualified appraisal firm – Pritchett, Ball & Wise – to appraise all of the properties except the four single family residences. These appraisals cost a cumulative $50,000. If the Receiver were required to hire two other traditional appraisal firms to conduct two additional appraisals on the Properties, these costs, under the circumstances of this case, seem to be excessive. Under the Disposition Procedures, however, the Receiver is expressly authorized

to look to other reliable indications of value as valid "appraisals" in the sales process.

Here, the Properties make up a significant portion of the Receivership Estate. Because the continued oversight and management of the Properties will require the expenditure of substantial additional resources from the Receiver Estate, the efficient sale of the properties is essential to maintain and realize the value of the Receiver Estate for distribution to investors and creditors.

## CONCLUSION

For the reasons set forth herein, the Receiver respectfully requests that this Court issue an order approving the above real property distribution process.

Respectfully submitted this 12th day of March, 2007.

By: /s/ *J. David Dantzler, Jr.*
J. David Dantzler, Jr.
Georgia Bar No. 205125
Attorney for S. Gregory Hays,
Receiver for Defendants Pinnacle
Development Partners, LLC

Troutman Sanders LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

## **Local Rule 7.1D Certificate of Compliance**

The undersigned certifies that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B

By: */s/ J. David Dantzler, Jr.*
J. David Dantzler, Jr.
Georgia Bar No. 205125

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> PINNACLE DEVELOPMENT PARTNERS, LLC, and GENE A. O'NEAL <br><br> Defendants. | CIVIL ACTION NO. 06 CV 2431 |

## CERTIFICATE OF SERVICE

This shall certify that on March 12, 2007, I electronically filed this BRIEF IN SUPPORT OF RECEIVER'S MOTION FOR THE COURT TO APPROVE REAL PROPERTY DISTRIBUTION PROCESS with the Clerk of Court using the CM/EFC system, which will automatically send an e-mail notification of such filing to the following attorneys of record:

James Alexander Rue

The undersigned hereby further certifies that the within and foregoing BRIEF IN SUPPORT OF RECEIVER'S MOTION FOR THE COURT TO APPROVE REAL PROPERTY DISTRIBUTION PROCESS was served via electronic mail upon counsel for Defendant Gene A. O'Neal:

Michael J. O'Leary
moleary@molearylaw.com

This 12th day of March, 2007.

By:    <u>*/s/ J. David Dantzler, Jr.*</u>
      J. David Dantzler, Jr.
      Georgia Bar No. 205125
      Attorney for S. Gregory Hays,
      Receiver For Defendant Pinnacle
      Development Partners LLC